## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| VAN LYNN OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-CV-132 AGF |
| ) | |
| MISSISSIPPI COUNTY DETENTION ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Plaintiff Van Lynn Owens commenced this 42 U.S.C. § 1983 civil action on September 13, 2021, alleging denial of adequate medical care while incarcerated. ECF No. 1. On December 8, 2021, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. ECF No. 6. The Court found that Plaintiff's complaint failed to adequately allege claims to withstand review under 28 U.S.C. § 1915(e)(2). However, because of the serious nature of the allegations, the Court directed Plaintiff to file an amended complaint on the court-provided form within thirty (30) days, in an attempt to cure his pleading deficiencies. The Court cautioned Plaintiff that his failure to timely comply with the Order would result in the dismissal of the case without further notice. Plaintiff's response was due by January 10, 2022.

Recently, Plaintiff notified the Court of a change of address (ECF No. 8), and he filed documents in another pending case before this Court. *See Owens v. Stoddard Cnty. Jail*, No. 1:21-CV-157-AGF, ECF Nos. 8-10 (E.D. Mo. Nov. 1, 2021). However, to date, Plaintiff has neither responded to the Court's earlier Order in this case nor sought additional time to do so. Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be

dismissed if he failed to timely comply, and he was given ample time to comply.  The Court will therefore dismiss this action, without prejudice, due to Plaintiff's failure to comply with the Court's Order of December 8, 2021, and his failure to prosecute this case.  *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 27th day of January 2022.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE